SUPREME COURT OF THE STATE OF NEW YORK
PUTNAM COUNTY
---------------------------------------------------------x
STEVEN WOHL,
on behalf of himself and all
others similarly situated,

                 Plaintiff,

-against-

NESTLE WATERS NORTH AMERICA, INC.,

                 Defendant.
---------------------------------------------------------x

Index No. 1091/07

**SUMMONS**

Plaintiff Designates
Putnam County as the
Place of Trial

The Basis of Venue
is Plaintiff's Residence

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to serve upon plaintiff's attorneys an Answer to the Complaint in this action within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete, if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:     White Plains, New York
            May 22, 2007

                              MEISELMAN, DENLEA, PACKMAN,
                              CARTON & EBERZ P.C.
                              Attorneys for Plaintiff

                              By: _____
                              David J. Meiselman
                              Jeffrey I. Carton
                              Jerome Noll
                              1311 Mamaroneck Avenue
                              White Plains, New York 10605
                              (914) 517-5000

TO:   Nestle Waters North America, Inc.
       777 West Putnam Avenue
       Greenwich, CT 06830
00195064.WPD

**EXHIBIT A**

David J. Meiselman
Jeffrey I. Carton
Jerome Noll
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000

Attorneys for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
PUTNAM COUNTY
-----------------------------------------------------------x
STEVEN WOHL,                                              :   No. 07- 1091
on behalf of himself and all                              :
others similarly situated,                                :   **CLASS ACTION COMPLAINT**
                                                          :
                          Plaintiff,                      :
                                                          :
             -against-                                    :   **Jury Trial Demanded**
                                                          :
NESTLE WATERS NORTH AMERICA, INC.,                        :
                                                          :
                          Defendant.                      :
-----------------------------------------------------------x

Plaintiff, Steven Wohl, by his attorneys, Meiselman, Denlea, Packman, Carton & Eberz P.C., as and for his complaint, alleges, with personal knowledge as to his own actions, and upon information and belief as to those of others, as follows:

### Nature of this Case

1.    This action seeks redress for a deceptive and otherwise improper business practice that Defendant Nestle Waters North America, Inc. ("Nestle") engages in with respect to delivery of Poland Spring bottled water and the arbitrary, inconsistent imposition of an "oil surcharge."

2.    Without proper or adequate notice to or consent by its customers, Nestle

unilaterally imposes this so-called "oil surcharge" on certain monthly deliveries of Poland Spring bottled water without justification, explanation or forewarning.

3. As a result of Defendant's deceptive and improper actions, customers, such as Plaintiff, have been deprived of the benefit of their bargain (i.e., delivery of Poland Spring bottled water and related products for the agreed to monthly charge, without imposition of an oil surcharge), resulting in Defendant's improper and unlawful monetary gain and benefit.

4. This deceptive business practice is in violation of applicable law.

5. This suit is brought, pursuant to the New York General Business Law § 349 and the common law of this State, on behalf of a class of all persons who receive delivery of Poland Spring bottled water and who have been charged an "oil surcharge." It seeks, inter alia, compensatory damages, including, but not limited to, a refund of the oil surcharge charged to consumers; attorneys' fees; and the costs of this suit.

## Jurisdiction and Venue

6. This Court has jurisdiction over this action pursuant to General Business Law § 349 and the common law of the State of New York. Defendant does actual business throughout the State of New York, including through sales of its Poland Spring branded bottled water throughout the State and maintenance of an interactive website accessible to consumers in, and residents of, the State, through which Poland Spring bottled water and related products can be purchased and delivered.

7. Venue is proper in this County pursuant to CPLR § 503(a) because Plaintiff, Steven Wohl, is a resident of Putnam County, has purchased and accepted for delivery Poland Spring bottled water in Putnam County and because Defendant does

2

business in Putnam County.

## Parties

8.  Plaintiff Steven Wohl is a citizen and resident of the State of New York, County of Putnam. Defendant delivers to Mr. Wohl, Poland Spring bottled water and related products.

9.  Defendant Nestle Waters North America, Inc. is a corporation established under the laws of the State of Delaware, with its principal place of business located at 777 W. Putnam Avenue, Greenwich, Connecticut.

10. Nestlé Waters North America sources, bottles, distributes, packages and markets Poland Spring bottled water.

## Operative Facts

11. At all relevant times, Nestle advertised, sold and distributed Poland Spring branded bottled water and related products in the State of New York.

12. In or about 2001, Plaintiff elected to have Poland Spring bottled water delivered to his home. Plaintiff called a toll-free number advertised by Defendant and expressed his interest in receiving monthly delivery of Poland Spring bottled water. Poland Spring representatives informed Mr. Wohl that he would be provided with a base stand for cooling and heating and that deliveries of bottled water would be made once a month. Defendant further informed Plaintiff that he would receive monthly invoices for the water delivered which would reflect a rental charge for the base stand and a charge per bottle of water delivered. Plaintiff was not informed of an "oil

3

surcharge" which might be imposed upon him.

13. Subsequent to receiving his base stand and first delivery of water, Plaintiff was sent a Poland Spring Customer Agreement which purported to state the terms and conditions governing the delivery of Poland Spring bottled water. Upon information and belief, that Agreement nowhere states that an "oil surcharge" would be imposed upon Plaintiff.

14. In practice, however, and in contravention of its Customer Agreement, Defendant imposes unilaterally and without adequate notice an oil surcharge on certain deliveries of Poland Spring bottled water.

15. For example, on February 9, 2007, Plaintiff Wohl accepted delivery of Poland Spring bottled water to his home.

16. On or about February 21, 2007, Plaintiff received by mail an invoice for the delivery. The invoice reflected two charges, dated February 9, 2007 (the date of delivery) in the amount of $8.99 and $7.00 respectively for "5 GAL POLAND SPRING WITH HANDLE" and "5 GALLON BTL W/HANDLE DEPOSIT".

17. The invoice also contained a third charge, dated February 18, 2007 (nine days <u>after</u> Plaintiff's delivery) in the amount of $2.00 for "OIL SURCHARGE."

18. Prior to receiving an invoice for the February 9, 2007 delivery, Plaintiff was not informed that he would be charged an oil surcharge, let alone the amount of any such surcharge. It was only after he received the invoice – more than 12 days after delivery – that he was charged a $2.00 fee, which had been deducted from his credit card without his consent.

19. Simply put, Defendant neither informs its customers under what circumstances an oil surcharge is assessed, nor does it disclose the amount of the surcharge prior to billing for it.

20. Specifically, Plaintiff's Customer Agreement states that fees will be imposed for delivery of bottled water, but does not mention a $2.00 monthly oil surcharge. In addition, Poland Spring's customer service representatives are unable to explain to the customer how or under what circumstances the oil surcharge reflected in the Account Statement is arrived at.

21. Defendant's failure to disclose adequately the oil surcharge materially affects the transaction at issue in several ways. First, the surcharge directly affects the cost of each delivery of bottled water. Second, customers are prevented from making informed decisions about delivery of bottled water or from shopping for more favorable terms.

22. Although the oil surcharge is not discussed in Plaintiff's Customer Agreement, it does appear in the Terms and Conditions applicable to delivery of Poland Spring bottled water. The document is published on the Poland Spring website and states, "Customer will pay all charges . . . including, without limitation, any applicable monthly oil surcharge . . . upon Customer's receipt of Company's invoice." Terms and Conditions at paragraph 7.

23. Although the possibility of an oil surcharge is contained in the Terms and Conditions, nowhere does it state the amount of the surcharge, when the surcharge will be assessed, or under what circumstances Defendant levies an oil surcharge. In short, the oil surcharge is a "tax" entirely of Defendant's own making to be imposed whenever

5

Defendant chooses, in whatever amount Defendant elects and under whatever circumstances Defendant decides to impose it. Plainly, it amounts to an unenforceable contract of adhesion or a "contractual" provision which is void for its indefiniteness.

24. If there had been better disclosure, either in the Terms and Conditions or on Poland Spring's website, Plaintiff a) would have signed up with a different company for delivery of bottled water; b) sought a cheaper source of bottled water; or c) would have not availed himself of Poland Spring's delivery of bottled water.

25. Moreover, the Terms and Conditions are so long and complex that most consumers will not read it, and those who do read it will not realize that the surcharge is set forth in the document. In any event, Defendant's business practices mislead consumers to believe that there are no additional monthly fees other than those for the bottled water itself, related products and sales tax.

26. Defendant's practices as a whole, including the failure to list the amount of the surcharge in the Terms and Conditions or on Poland Spring's website and the failure to properly inform its customers about the surcharge, constitute deceptive business practices and a violation of the law.

27. Moreover, the assessment of an oil surcharge represents a deliberate profit-making scheme by Nestle.

28. Defendant's collection of oil surcharges constitutes a double recovery as Nestle has already incorporated fuel costs into the basic sales price of bottled water delivery. As such, Defendant continues to conceal and misrepresent the unreasonable imposition of an oil surcharge and its true nature as an undisclosed revenue source.

29. As referred to above, no adequate notice has been provided to Plaintiff, and no consent or bargained-for approval has been granted by Plaintiff or other

consumers who have signed up for delivery of Poland Spring bottled water. Nor does Defendant provide adequate notice or conspicuous disclosure of its unfair and deceptive scheme of charging an oil surcharge for certain deliveries of Poland Spring bottled water.

### Class Action Allegations

30.     Plaintiff brings this action on his own behalf and additionally, pursuant to CPLR Article 9, on behalf of a class (the "Class") of all persons who have chosen to have Poland Spring bottled water delivered to them and who have been charged an "oil surcharge" from May 21, 2001 to the present.

31.     Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

32.     This action is brought as a class action for the following reasons:

    a.      The Class consists of thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b.      There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

        I.      whether Defendant's actions constitute violations of New York General Business Law § 349;

        ii.     whether Defendant is being unjustly enriched by charging consumers an oil surcharge;

7

    iii. whether members of the Class have sustained damages and, if so, the proper measure thereof;

    iv. whether Defendant should be enjoined from the continued practices and policies with respect to the implementation of an oil surcharge for delivery of Poland Spring bottled water; and

    v. whether Defendant should be enjoined from charging an oil surcharge.

  c. The claims asserted by Plaintiff are typical of the claims of the members of the Class;

  d. Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including related litigation involving consumer fraud;

  e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

    i. Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of their legal obligations will continue without remedy, additional consumers and purchasers will be harmed, and Defendant will continue to retain its ill-gotten gains;

    ii. It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

    iii. When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

    iv. A class action will permit an orderly and expeditious

administration of the Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions; and

   v. The lawsuit presents no difficulties that would impede its management by the Court as a class action.

  f. Defendant has acted on grounds generally applicable to the Class members, making class-wide monetary and injunctive relief appropriate; and

  g. The prosecution of separate actions by individual members of the Class would create a risk of incompatible standards of conduct for Defendant and of inconsistent or varying adjudications for all parties.

33. Defendant's violations of General Business Law § 349 are applicable to all members of the Class, and Plaintiff is entitled to have Defendant enjoined from engaging in deceptive and unconscionable conduct in the future.

### FIRST CAUSE OF ACTION
(Violation of N.Y. General Business Law § 349)

34. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 33 above as if fully set forth herein.

35. Through its conduct described above, Defendant has engaged in deceptive acts and practices which resulted in injury to Plaintiff and the other members of the Class.

36. By reason of the foregoing, Defendant has violated N.Y. Gen. Bus. Law § 349, and is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus attorneys' fees.

## SECOND CAUSE OF ACTION
(Unjust Enrichment)

37. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 36 above as if fully set forth herein.

38. By engaging in the conduct described above, Defendant has unjustly enriched itself at the expense of Plaintiff and the other members of the Class and is required, in equity and good conscience, to compensate Plaintiff and the Class for damages suffered as a result of Defendant's actions.

39. By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for damages incurred as a result of Defendant's actions, the amount of such damages to be determined at trial.

## THIRD CAUSE OF ACTION
(Breach of Contract)

40. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 39 above as if fully set forth herein.

41. Through its actions, Defendant materially breached its contract with Plaintiff and other members of the Class in that Defendant, among other things, charges an undisclosed, excessive and unreasonable oil surcharge for certain deliveries of Poland Spring bottled water.

42. As a consequence of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages incurred as a result of Defendant's actions, including, but not necessarily limited to, the imposition of the oil surcharge which was impermissibly expropriated from them as a result of Defendant's arbitrary policy, the amount of such damages to be determined at trial.

## FOURTH CAUSE OF ACTION
(Injunctive Relief)

43. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 42 above as if fully set forth herein.

44. Given Defendant's wrongful actions as set forth above, which are ongoing and continuing to deceive and harm Plaintiff, members of the Class and the general public, the Court should a) preliminarily and permanently enjoin Defendant from continuing its practice of charging an oil surcharge; b) order Defendant to disgorge all profits earned in connection with the improper and impermissible policy and practice of charging an oil surcharge; and c) immediately to take all steps necessary to inform Defendant's current customers of the policy to charge an oil surcharge, including the terms under which such a surcharge will be imposed.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Certifying this action as a class action, with a class as defined above;

2. On Plaintiff's First Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial;

3. On Plaintiff's Second Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial;

4. On Plaintiff's Third Cause of Action, awarding against Defendant the

11

damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial;

5. On Plaintiff's Fourth Cause of Action, a) declaring that Defendant's practice of charging an oil surcharge is misleading, deceptive and improper, b) preliminarily and permanently enjoining Defendant from continuing its deceptive practice and policies relating to the imposition of an oil surcharge; c) ordering Defendant to disgorge all profits earned in connection with the improper and impermissible policy and practice of charging an oil surcharge; and d) ordering Defendant to take immediately all steps reasonably necessary to inform current customers of Defendant's policy of charging an oil surcharge;

6. Awarding Plaintiff interest, costs and attorneys' fees; and

7. Awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated:   May 22, 2007
         White Plains, New York

                                  MEISELMAN, DENLEA, PACKMAN,
                                  CARTON & EBERZ P.C.

By: _____
     David J. Meiselman
     Jeffrey I. Carton
     Jerome Noll
     1311 Mamaroneck Avenue
     White Plains, New York 10605
     (914) 517-5000
     Attorneys for Plaintiff

00154402.WPD